UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-cv-80004-SMITH/MATTHEWMAN

GENARIS HASTON,

        Plaintiff,

v.

GOLD COAST FED. CREDIT UNION, *et al.*,

        Defendants.

_____/

FILED BY____KJZ____D.C.

*Nov 8, 2022*

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

**ORDER GRANTING TRANS UNION LLC'S MOTION TO COMPEL
DISCLOSURES OF SETTLEMENT INFORMATION [DE 84]**

**THIS CAUSE** is before the Court upon Defendant, Trans Union LLC's ("Defendant")

Motion to Compel Disclosure of Settlement Information ("Motion") [DE 84]. The Motion was

referred to the Undersigned United States Magistrate Judge by the Honorable Rodney Smith,

United States District Judge. [DE 29]. Plaintiff, Genaris Haston ("Plaintiff") has filed a response

to the Motion [DE 86], and Defendant has filed a reply [DE 89]. The Court explicitly provided

Equifax and Experian the opportunity to "provide their positions on the relief sought in the

Motion" by filing responses on or before October 24, 2022 [DE 85], but they opted not to file any

responses. The Court held a hearing on the Motion via Zoom VTC on November 7, 2022. Counsel

for Experian and Equifax chose not to attend. This Order memorializes the Court's ruling at the

November 7, 2022 hearing.

        The Court has carefully reviewed the Motion, response, reply, relevant case law, and the

parties' arguments at the hearing. Defendant is seeking an order compelling production of the

settlement agreements between Plaintiff and Equifax, a former defendant in this case, and Plaintiff

1

and Experian, a second former defendant in this case. [DE 84 at 1]. In sum, Defendant Trans Union seeks production of the two settlement agreements that Plaintiff has entered into in this case with Defendants Experian and Equifax. The Court is tasked with determining whether the two settlement agreements are relevant and proportional under Fed.R.Civ.P. 26(b)(1), and whether confidentiality concerns prevent their disclosure.

Defendant asserts that the settlement agreements should be produced as Plaintiff jointly sued all four Defendants[1] in this case and Plaintiff "cannot distinguish between damages allegedly caused by Trans Union and damages allegedly caused by Experian, Equifax, and Gold Coast." *Id.* at 2. Defendant Transunion then primarily argues that the settlement agreements between Plaintiff and Experian and Equifax are relevant because it has pleaded that it is entitled to credits for any settlements reached by Plaintiff with any other party. *Id.* at 4.

In response, Plaintiff objects to producing the two settlement agreements and argues in relevant part that the "One Satisfaction Rule" does not apply to Fair Credit Reporting Act ("FCRA") claims. [DE 86 at 2]. Plaintiff argues that the settlement agreements are confidential and not relevant. Defendant argues to the contrary in its reply. [DE 89 at 2–3].

**The One Satisfaction Rule:**

"[G]enerally ... a plaintiff is entitled to only one satisfaction for a single injury, such that amounts received in settlement from an alleged tortfeasor are credited against judgments for the same injury against non-settling tortfeasors." *BUC Int'l Corp. v. Int'l Yacht Council Ltd.*, 517 F.3d 1271, 1276 (11th Cir. 2008) (citations omitted). The one satisfaction rule "operates to prevent double recovery, or the overcompensation of a plaintiff for a single injury." *Id.* (citations omitted).

---

[1] Defendant Gold Coast has been sent to arbitration per a prior Court Order [DE 45].

The question in the instant case is whether the One Satisfaction Rule applies to FCRA cases. In *Sloane v. Equifax Information Services, LLC*, 510 F.3d 495 (4th Cir. 2007), the Fourth Circuit Court of Appeals questioned whether the One Satisfaction Rule should apply to claims under the FCRA, stating in a footnote "[a]rguably, the 'one satisfaction rule' does not even apply to FCRA claims." 510 F.3d at 501 n.2. No Circuit Court of Appeals has explicitly ruled on this issue. However, this Court finds that the footnote in *Sloane* relied on by Plaintiff is speculative dicta and not persuasive.

Instead, the Court finds *Williams v. LVNV Funding, LLC*, No. 4:15-CV-2219-KOB, 2017 WL 1331014 (N.D. Ala. Apr. 11, 2017), to be persuasive. In that case, the Honorable Karon Owen Bowdre, Chief United States District Judge, found, "[the] speculative dicta [of *Sloane*] is not persuasive …, especially given the Eleventh Circuit's reasoning that the one-satisfaction rule applies to [all] federal statutory causes of action." *Id.* at *2. This Court agrees with Judge Bowdre's cogent analysis. The Northern District of Alabama court relied on *BUC Int'l Corp.*, 517 F.3d at 1278 n.7, in which the Eleventh Circuit noted that "ample authority supports applying the rule to federal causes of action." This Court also finds that, given the current state of the case law, and the Eleventh Circuit opinion in *BUC Int'l Corp.*, the One Satisfaction Rule does apply in FCRA cases. *See Younger v. Experian Info. Sols., Inc.*, No. 2:15-CV-00952-SGC, 2018 WL 11271518, at *1 (N.D. Ala. Mar. 30, 2018).

The Court also notes that the "relevant inquiry for the one satisfaction rule is not whether the conduct is distinct but whether the injury is distinct." *Younger*, 2018 WL 11271518, at *2. Here, upon review of the Complaint, Plaintiff's deposition testimony, and the remainder of the docket, it is crystal clear that the injury allegedly caused to Plaintiff by Defendant is not distinct.

3

Thus, the one satisfaction rule does apply to this FCRA case.

**<u>Relevancy, Proportionality and Confidentiality:</u>**

Moreover, the settlement agreements sought are relevant and proportional pursuant to Federal Rule of Civil Procedure 26(b)(1). Defendant Trans Union is entitled to obtain copies of the two settlement agreements with the codefendants to properly defend this case. Further, there is no prejudice to Plaintiff or to any other party occasioned by this Court's ruling that the two settlement agreements be produced. There is a Stipulated Protective Order in this case [DE 49] which ameliorates any prejudice claimed by Plaintiff or any other party based on the production of the two settlement agreements. On the other hand, the Court finds that Defendant Trans Union will be prejudiced if the two settlement agreements are not produced in discovery.

To the extent any party asserts that the settlement agreements are confidential and not subject to discovery production, the Court rejects that argument. *See Kadiyala v. Pupke,* No. 17-80732-CIV, 2019 WL 3752654 (S.D. Fla. Aug. 8, 2019) (Matthewman, J.) (reviewing cases and finding no privilege protecting settlement agreements from disclosure); *In re Denture Cream Prods. Liab. Litig.*, No. 09-2051-MD, 2011 WL 1979666 at *5 (S.D. Fla. May 20, 2011) ("There is nothing magical about a settlement agreement. It is ultimately just a contract between two parties .... Rule 26 has no exception for settlement agreements."); *Jeld-Wen, Inc. v. Nebula Glass Int'l, Inc.*, No. 05-60860-CIV, 2007 WL 1526649, at *3 (S.D. Fla. May 22, 2007) (Torres, J.) (noting that there is "nothing magical" about settlement agreements and no binding or persuasive authority in the Eleventh Circuit instructing otherwise).

Finally, there is no need to wait until a later date in this litigation to require production. The discovery cutoff date in this case is December 30, 2022, and all discovery needs to be

completed in a fair and timely manner. The Court will not delay this dispute any longer.

Based on the forgoing, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Compel Disclosure of Settlement Information [DE 84] is **GRANTED.**

2. Plaintiff is **ORDERED** to provide to Defendant the settlement agreements Plaintiff entered into with Equifax and Experian in this case on or before **November 14, 2022.**

3. The parties shall comply with the terms of the Stipulated Protective Order [DE 49] with regard to the settlement agreements.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 8th day of November, 2022.

WILLIAM MATTHEWMAN
United States Magistrate Judge